



**FILED**

Jul 31 2026, 8:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Randy Perkins,

*Appellant-Petitioner*

v.

Christopher A. Burns, DDS, and
Geist Oral & Facial Surgery, P.C.,

*Appellees-Respondents*

---

July 31, 2026

Court of Appeals Case No.
25A-CT-862

Appeal from the Marion Superior Court

The Honorable John M.T. Chavis II, Judge

Trial Court Cause No.
49D05-2407-CT-30050

---

**Opinion by Judge May**
Judges Altice and Foley concur.

**May, Judge.**

[1]    Randy Perkins underwent wisdom tooth extractions performed by Dr. Christopher Burns, DDS, of Geist Oral & Facial Surgery, P.C. ("GOFS"). Complications during the procedure resulted in Perkins being transferred to a hospital and admitted to an intensive care unit. A Medical Review Panel unanimously concluded that Dr. Burns had not deviated from the applicable standard of care, and Perkins filed a lawsuit against Dr. Burns and GOFS ("Defendants"). Defendants moved for summary judgment and designated as evidence the unanimous opinion of the Medical Review Panel. Perkins sought to contradict that evidence with expert opinions, but the trial court struck his expert's opinions because they were not verified. Then, because Perkins had not submitted evidence to contradict the Medical Review Panel, the trial court entered summary judgment for Defendants. Perkins filed a motion for post-judgment relief that asked the court to consider newly discovered evidence – properly verified affidavits containing the same expert's opinions – but the trial court denied Perkins's motion.

[2]    Perkins now appeals, raising four issues, which we consolidate, reorder, and restate as:

> 1. Whether the trial court abused its discretion by striking an affidavit from Denise Parks, the friend who drove Perkins to the extraction;

2. Whether the trial court erred by striking Perkins's unverified expert opinions and granting summary judgment to Defendants; and

3. Whether the trial court abused its discretion by denying Perkins's motion for post-judgment relief under Trial Rules 59 and 60.

We affirm.

## Facts and Procedural History

In January 2020, Dr. Burns extracted Perkins's wisdom teeth at GOFS. During the procedure, Perkins began bleeding so significantly that EMS needed to be called. EMS transported Perkins to a hospital, where he was intubated and admitted to the ICU. Denise Parks had accompanied Perkins to GOFS and followed him to the hospital, where she was present for conversations with Dr. Burns.

Perkins filed a proposed complaint with the Indiana Department of Insurance pursuant to the Indiana Medical Malpractice Act, and a Medical Review Panel was convened. The Panel unanimously concluded that Dr. Burns and Geist Oral & Facial Surgery, P.C., did not deviate from the applicable standard of care.

Perkins then filed a negligence lawsuit against Defendants and alleged he sustained "lasting and likely permanent impairment to his mouth area, including nerves, tongue, roof of mouth, jaw, and lips, including loss of

sensation and pain." (Appellant's App. Vol. II at 14.) In his complaint, Perkins mentioned that he had received an opinion from an expert that contradicted the opinion of the Medical Review Panel.

[6] Defendants filed an Answer, Affirmative Defenses and Jury Demand. In their Answer, the Defendants noted the "expert opinion" that Perkins provided during the medical review process "was not in affidavit form." (Appellees' App. Vol. II at 5.) The Defendants also moved for summary judgment, and their motion stated that "Plaintiff has failed to provide any supportive evidence or expert opinion to support the claim of medical malpractice, and instead relies entirely upon the Complaint." (*Id*. at 10.) In support of summary judgment, Defendants designated the unanimous opinion of the Medical Review Panel.

[7] In opposition to summary judgment, Perkins designated expert opinions (an Original and a Supplemental) from Dr. George Zakhary, DDS, MD, an oral and maxillofacial surgeon, and an affidavit from Parks. Dr. Zakhary's opinions were not in affidavit form and were not verified under oath or affirmation. (Appellant's App. Vol. II at 29-31.)

[8] The Defendants moved to strike Dr. Zakhary's opinions because "[n]either the Original nor the Supplemental Opinions are in affidavit form and thus, are not admissible evidence." (Appellee's App. Vol. II at 16.) They also moved to strike Parks's affidavit as being irrelevant and "not containing the requisite expert opinion to overcome summary judgment." (*Id*.) Perkins did not respond to Defendants' motion to strike.

The trial court held a combined hearing on the motion to strike and the motion for summary judgment, at which counsel argued, and then the trial court took the matter under advisement. The trial court subsequently entered a written order granting the motion to strike, which struck both of Dr. Zakhary's opinions and Parks's affidavit, and a separate order granting summary judgment to the Defendants.

Perkins filed a Consolidated Motion to Correct Error and to Set Aside Summary Judgment, and he attached a newly obtained Supplemental Affidavit from Dr. Zakhary that was essentially identical in substance to the previously designated opinions but now included verification language. (*See* Appellant's App. Vol. II at 42-45.) In his motion, Perkins stated: "The only reason it was not done in that format before is that the expert and counsel believed the opinion read and flowed better in the way it was originally presented." (*Id*. at 37.)

The trial court denied Perkins's post-judgment motion in an order that, in part, explained:

> First, at the summary judgment stage, Perkins presented no admissible evidence to the Court to contradict the unanimous medical review panel opinion. Second, in his Motion to Correct Error and Relief from Judgment, Perkins fails to identify any newly discovered evidence, fraud, mistake, excusable neglect or any error which would warrant the Court to correct and set aside the judgment. Third, Perkins fails to provide any valid reason for filing belated affidavits when he had the information in hand prior to the deadline to respond to Burns' Motion for Summary Judgment. In fact, it was Perkins's strategic decision to choose

not to provide expert opinions in a form that would be admissible in evidence. Because Perkins has offered no valid justification in support of his motion under Ind. Trial Rules 59 and 60, the Court **DENIES** Perkins' motion and the Court's January 22, 2025 entry of judgment is final.

(*Id*. at 9) (emphasis in original).

## Discussion and Decision

### 1. Perkins' Arguments Regarding the Parks Affidavit and Res Ipsa Loquitur Are Waived.

[12] Perkins first argues the trial court should not have struck the Parks affidavit and, had it not been struck, that affidavit supported the denial of summary judgment based on the theory of res ipsa loquitur.[1] We review a trial court's decision on a motion to strike for an abuse of discretion. *Doe v. K.M.W.*, 230 N.E.3d 306, 320 (Ind. Ct. App. 2024). We "reverse only when the decision is clearly against the logic and effect of the facts and circumstances." *Id*. at 321 (quoting *Halterman v. Adams Cnty. Bd. of Comm'rs*, 991 N.E.2d 987, 989 (Ind. Ct. App. 2013)).

[13] In the trial court, Perkins filed no response to the Defendants' motion to strike. At the hearing on Defendants' motion to strike, Perkins's counsel

---

[1] Res ipsa loquitur, which means the "thing speaks for itself," is a doctrine that allows negligence to be inferred from circumstantial evidence about "certain types of accidents that typically do not happen without someone's negligence." *Isgrig v. Trustees of Ind. Univ.*, 256 N.E.3d 1238, 1242 (Ind. 2025).

acknowledged that the Parks affidavit "does not even try to be a medical opinion" and he framed the information in that affidavit as relevant only to the extent of Perkins's damages, not to whether Dr. Burns breached the standard of care. (Tr. Vol. II at 26-27.) The trial court observed that Parks "is not qualified to refute the medical experts," and Perkins's counsel agreed. (*Id.* at 27.)

[14] On appeal, Perkins argues for the first time that: (1) the Parks affidavit contains admissible party admissions by Dr. Burns under Evidence Rule 801(d)(2); (2) Dr. Burns's alleged statements fall within hearsay exceptions under Evidence Rule 803; (3) Indiana Code section 34-43.5-1-4 renders Dr. Burns's statements of fault admissible; and (4) the doctrine of res ipsa loquitur obviates the need for expert testimony. (*See* Appellant's Br. pp. 10-19.) None of these assertions or theories were presented to the trial court.

[15] "[A] party may not change his or her theory on appeal and present arguments that are different from those raised in the trial court." *Knapp v. Estate of Wright*, 76 N.E.3d 900, 908 (Ind. Ct. App. 2017) (addressing change of theory in context of summary judgment), *trans. denied*. Instead, issues or arguments not presented below are waived. *GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 651 (Ind. Ct. App. 2002). "The rule of waiver in part protects the integrity of the trial court; it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider." *Id.* Because these issues regarding the Parks affidavit were not preserved below, we will not consider Perkins's arguments thereon. *See, e.g.*, *Knapp*, 76 N.E.3d at 908 (refusing to address arguments raised on appeal because party "cannot now

argue that the designated evidence supports a position opposite that which they maintained to the trial court").

## 2. The Trial Court Properly Struck Dr. Zakhary's Unverified Opinions and Granted Summary Judgment to Defendants.

[16] We review the grant of summary judgment de novo. *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009). "[T]he trial court's judgment arrives on appeal clothed with a presumption of validity, and the challenging party bears the burden of proving that the trial court erred[.]" *Id.* (internal quotations omitted). "[W]e will affirm a grant of summary judgment upon any theory supported by evidence in the record." *Woodruff v. Ind. Fam. & Soc. Servs. Admin.*, 964 N.E.2d 784, 790 (Ind. 2012).

[17] Summary judgment should be entered only when the designated evidence demonstrates "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Poiry v. City of New Haven*, 113 N.E.3d 1236, 1239 (Ind. Ct. App. 2018). When assessing the motion, we "view the pleadings and designated materials in the light most favorable to the non-moving party." *Id.* We also construe all facts and reasonable inferences in favor of the non-moving party. *Id.* The party that moves for summary judgment has the initial burden of demonstrating "the absence of any genuine issue of fact" on a determinative issue, and then "the burden shifts to the non-movant to come forward with contrary evidence showing an issue for the trier of fact." *Id.*

[18] At the summary judgment stage of a medical malpractice action, a unanimous opinion from the medical review panel in favor of the medical professional generally meets the initial burden of demonstrating that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. *Siner v. Kindred Hosp. Ltd. Partnership*, 51 N.E.3d 1184, 1187-88 (Ind. 2016). Then, to create a genuine issue of material fact precluding summary judgment, the plaintiff must designate "expert medical testimony" that contradicts the medical review panel. *Stafford v. Szymanowski*, 31 N.E.3d 959, 961 (Ind. 2015).

[19] After Defendants designated the unanimous opinion of the medical review panel, Perkins designated two unverified letters containing the opinions of Dr. Zakhary. Defendants filed a motion to strike those letters, and the trial court granted the motion to strike, which Perkins alleges was error.

[20] The trial court's broad discretion to rule on the admissibility of evidence "extends to rulings on motions to strike affidavits on the grounds that they fail to comply with the summary judgment rules." *Webb v. City of Carmel*, 101 N.E.3d 850, 857 (Ind. Ct. App. 2018) (citing *Morris v. Crain*, 71 N.E.3d 871, 877 (Ind. Ct. App. 2017)).

> Affidavits in support of or in opposition to a motion for summary judgment are governed by Indiana Trial Rule 56(E), which provides, in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated

therein." The requirements of Trial Rule 56(E) are mandatory . . . . Further, the party offering the affidavit into evidence bears the burden of establishing its admissibility. A party may not rest on the mere allegations of his or her pleadings. T.R. 56(E). Unsupported factual assertions or bare factual allegations should be excluded from consideration.

*Id.* (internal case citations omitted).

[21] An "affidavit" – as required by Trial Rule 56 – is "a written statement of fact which is sworn to as the truth before an authorized officer." *Jordan v. Deery*, 609 N.E.2d 1104, 1110 (Ind. 1993). "The chief test of the sufficiency of an affidavit is its ability to serve as a predicate for a perjury prosecution." *Id.* "Unsworn statements and unverified exhibits do not qualify as proper Rule 56 evidence." *Ind. Univ. Med. Center, Riley Hosp. for Children v. Logan*, 728 N.E.2d 855, 858 (Ind. 2000). A sworn statement is one that has been notarized and contains a jurat. *See Jordan*, 609 N.E.2d at 1109 ("The jurat is a certificate of the due administration of the oath, the purpose of which is to evidence the fact that the affidavit has been duly sworn to before an officer authorized to administer an oath."). A verified statement is one that complies with Trial Rule 11, *id.*, which requires inclusion of language similar to the following:

"I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

(Signed) _____"

Ind. T.R. 11(B). If a written statement of fact designated at the summary judgment stage contains neither an executed jurat nor an affirmation under Trial Rule 11, then it "would not serve as a predicate for a perjury prosecution" and is not "an affidavit" for Trial Rule 56(E).[2] *Tannehill by Podgorski v. Reddy*, 633 N.E.2d 318, 322 (Ind. Ct. App. 1994), *reh'g denied*, *trans. denied*.

[22] Because Perkins's letters from Dr. Zakhary contained neither a jurat nor a Trial Rule 11 verification, the trial court could not consider them at the summary judgment stage and, therefore, did not abuse its discretion by granting Defendants' motion to strike those letters. *See*, *e.g.*, *id.* (holding trial court did not err when it granted motion to strike unverified documents). Because the two letters stating the opinion of Dr. Zakhary were all that Perkins designated regarding breach in opposition to the medical review panel's unanimous opinion, the trial court did not err when it determined there were no genuine issues of material fact and Defendants were entitled to judgment as a matter of law. *See*, *e.g.*, *id.* (affirming grant of summary judgment to defendant doctor).

---

[2] Perkins argues that *Korakis v. Memorial Hospital of South Bend, Inc.*, 225 N.E.3d 760 (Ind. 2024), permits courts to consider unverified expert opinions so long as they are substantively sufficient. His erroneous argument conflates two distinct requirements. *Korakis* addressed whether an expert-opinion affidavit must expressly state the applicable standard of care, *id.* at 761 and the Court held it need not because the standard of care may be inferred from the affidavit's content, provided the affidavit also includes a statement that the defendant's treatment fell below that standard. *Id.* at 764. *Korakis* thus addressed what must be in an affidavit. It did not modify the threshold requirement that the submission be a verified affidavit in the first instance.

**3. The Trial Court Did Not Abuse Its Discretion in Denying Relief Under Trial Rules 59 and 60.**

[23] Perkins moved for relief under both Trial Rule 59 and Trial Rule 60 based upon newly-verified copies of the opinions of Dr. Zakhary. Trial Rule 59 indicates a motion to correct error is a "prerequisite for appeal" if a party wants to raise: "Newly discovered material evidence . . . capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial[.]" Trial Rule 60 permits the trial court to grant relief from judgment for "any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59[.]" T.R. 60(B)(1) & (B)(2). We review a trial court's ruling on both a motion to correct error under Trial Rule 59 and a motion for relief from judgment under Trial Rule 60 for an abuse of discretion. *Poiry*, 113 N.E.3d at 1239 (summary judgment); *Outback Steakhouse of Florida, Inc. v. Markley*, 856 N.E.2d 65, 72 (Ind. 2006) (relief from judgment).

[24] Perkins's own admissions in his motion defeat his request for relief under both Trial Rules. The motion admitted that Dr. Zakhary "was in fact willing to provide his opinion in affidavit format" and that "[t]he only reason it was not done in that format before is that the expert and counsel believed the opinion read and flowed better in the way it was originally presented." (Appellant's App. Vol. 2 at 37.) Evidence that was available prior to the grant of summary

judgment, but deliberately withheld for stylistic reasons, is not "newly discovered."

In his motion for relief, Perkins argues for relief because "the only difference between Dr. Zakhary's opinion and an affidavit that would have easily defeated Dr. Burns's summary judgment motion was some boilerplate language introducing the real substance as a sworn affidavit[.]" (Appellant's App. Vol. 2 at 37.) The "some boilerplate language" to which Perkins refers is the affirmation. (*See id*. at 42 & 44) ("I George Zakhary DDS, MD, hereby state and depose under the pains and penalties of perjury as follows:"). As we explained above, that verification language is precisely what converts a letter into an affidavit appropriate for consideration as designated evidence at the summary judgment stage.

Perkins had explicit notice of the deficiency as early as September 2024 and nevertheless did not submit a properly verified affidavit in response to Defendants' motion to strike or motion for summary judgment, at the hearing, or before judgment was entered by the trial court. Trial Rules 59 and 60 do not provide relief from deliberate strategic choices that prove unsuccessful. We accordingly cannot say the trial court abused its discretion by denying Perkins's post-judgment motions under Trial Rules 59 and 60.

## Conclusion

The trial court properly struck the unverified expert opinions that did not comply with Trial Rule 56(E) and accordingly properly granted summary

judgment for Defendants. Then it properly denied post-judgment relief when Perkins sought to cure his strategic error months after receiving notice of the deficiency. For all these reasons, we affirm the judgment of the trial court.

Affirmed.

Altice, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Oliver S. Younge
Younge Law Group LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Bryan H. Babb
Seema Shah
Bose McKinney & Evans LLP
Indianapolis, Indiana